

**SO ORDERED.**

**SIGNED this 21 day of June, 2005.**

_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:                )
                      )
BRACKETT, INC.,       )    Case No. 04-41877
                      )
         Debtor.      )
_____)

**MEMORANDUM AND OPINION GRANTING PREMIUM FINANCING
SPECIALISTS, INC.'S MOTION FOR ALLOWANCE AND PAYMENT
OF ATTORNEY FEES**

This matter is before the Court on Creditor Premium Financing Specialists, Inc.'s Motion for Allowance and Payment of Attorney Fees.[1] Creditor Jack DeBoer objected to the claim for attorney fees, and the Court held a non-evidentiary hearing on this matter on May 31, 2005. The Court has considered the arguments raised by counsel at the hearing and in the written pleadings and is now prepared to rule.

---

[1] Doc. 199.

This matter constitutes a core proceeding[2] over which this Court has jurisdiction.[3]

## I. FINDINGS OF FACT

On May 7, 2004, Premium Financing Specialists, Inc. ("PFS"), entered into an insurance premium finance agreement with Debtor, Brackett, Inc. ("Brackett"). Pursuant to the agreement, PFS paid the premium for Debtor's insurance policies for twelve months' coverage, in consideration for Brackett's promise to pay all balances due PFS in monthly installments. PFS was given a security interest in the unearned premiums payable under the policies scheduled in the agreement. The agreement also provided that PFS was entitled to attorney fees associated with collecting any amounts owed to it by Brackett.

On July 12, 2004, Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code.[4] Brackett defaulted post-petition on its agreement with PFS by failing to make payments due on December 1, 2004 and January 1, 2004. PFS promptly filed a Motion for Relief from Stay on January 7, 2005. At the time PFS filed its motion, it was oversecured by approximately $3,500. The Court held a hearing on January 19, 2005, at which time Brackett agreed to make adequate protection payments to PFS. Brackett and PFS entered into a stipulation, wherein Brackett agreed that PFS was entitled to attorney fees pursuant to 11 U.S.C. § 506(b).[5] The stipulation also indicated that "PFS's Court approved claim for fees and expenses will be classified as a separate class in Debtor's Plan of Reorganization." The Court, in an Order

---

[2] 28 U.S.C. § 157(b)(2)(B).

[3] 28 U.S.C. § 1334.

[4] 11 U.S.C. § 101, et seq.

[5] All future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq. unless otherwise noted.

dated January 19, 2005, adopted the terms of the stipulation between Brackett and PFS, including the finding that PFS was entitled to attorney fees under § 506(b), but reserved ruling on the amount of fees to be awarded to PFS.[6] No motion for reconsideration or appeal was taken from the Court's January 19, 2005 Order.

On April 15, 2005, PFS filed the current motion, seeking an allowance and payment of attorney fees and expenses in the amount of $1,636.00 pursuant to the Court's January 19, 2005 Order. Creditor Jack DeBoer ("DeBoer") has objected to the claim for attorney fees, to the extent it seeks payment of such fees from any source other than any equity PFS has in its collateral. Neither DeBoer, nor anyone else, contends the amount of fees sought is in any way unreasonable.

## II. CONCLUSIONS OF LAW

DeBoer is not contesting the fact that, as an oversecured creditor who would otherwise be entitled to attorney fees pursuant to the agreement it had with Brackett, PFS is entitled to an award of attorney fees and costs in pursuing its motion for relief from stay. DeBoer's objection is based solely upon the source of the funds to be used to pay the attorney fees and costs. DeBoer objects to PFS's claim for attorney fees and costs being paid out of estate funds or as an administrative claim, asserting that any such payment must come solely from the excess funds of the assets that secure the debt to PFS.

---

[6]At the time PFS filed its motion for relief from stay, and at the time the Court entered its January 19, 2005 Order granting PFS's request for attorney fees, PFS was an oversecured creditor and entitled to attorney fees pursuant to § 506(b). Therefore, this case is distinguishable from *In re Marietta Farms*, Case No. 02-41044, in which the Court recently denied the request of Farmers Alliance Mutual Insurance Co. for attorney fees, because Farmers Alliance Mutual Insurance Co. was an undersecured creditor at all relevant times.

3

The Court finds that DeBoer's objection seeks to collaterally attack the Court's prior order, and is therefore denied. The Court entered an order on January 19, 2005, that specifically held that PFS was entitled to an award of attorney fees and costs, and that specifically indicated the manner in which PFS was to be paid those fees and costs. The only issue remaining in relation to PFS's claim for fees and costs following the January 19, 2005 order was the appropriate amount of fees and costs to be awarded. According to court records, DeBoer was served a copy of the January 19, 2005 order and had an opportunity to object to the findings in that order at that time, either by way of a motion for reconsideration or an appeal. DeBoer did not object to that order, and the Court finds that it is a final order that cannot be collaterally attacked at this time, approximately five months after it was entered.[7] The Court finds, based upon its prior order of January 19, 2005, that PFS is entitled to collect its attorney fees and costs consistent with the terms set forth in that order.

The Court also notes that PFS would likely suffer actual prejudice, in reliance on the Court's prior order, if the Court were to grant DeBoer's objection. When the Court held that PFS was entitled to attorney fees in January 2005, PFS reasonably believed that such fees would be forthcoming through the plan and there was no need to further protect its right to its claim, including its claim for attorney fees, at that time by insisting that stay relief be immediately granted. The January 19, 2005 order resolved PFS' concerns such that there was no need for it to continue pressing for relief from stay while it was still oversecured. Had the Court ruled at that time that any attorney fees could only be paid directly by the

---

[7]*Cf. In re InteliQuest Media Corp.,* 2005 WL 1397048 (10th Cir. B.A.P. 2005) (holding, in a §506(c) context, that waiver approved by court and embodied in an order is enforceable by the principle of res judicata); *In re Kittel*, 285 B.R. 344 (10th Cir. B.A.P. 2002) (holding that the bankruptcy court properly rejected a collateral attack on a final order of the bankruptcy court).

equity cushion in PFS' collateral, rather than through the plan, PFS most likely would have continued in its request for relief from stay, collecting its fees at that time, which would also have resulted in the cancellation of some insurance policies. The Court finds it would be fundamentally unfair to deprive PFS of its attorney fees now, given the reliance PFS undoubtedly placed on the Court's January 19, 2005 order.

Having determined that PFS is entitled to an award of fees and costs, the Court now turns to the reasonableness of the request.[8] The attorney fees requested include 6.26 hours of work by Rodney J. Hoffman at an hourly rate of $150.00 per hour and 2.8 hours of work by Frank Wendt at a rate of $195.00 per hour. The Court finds that the time spent in prosecuting PFS's motion for relief from stay, and the hourly rates charged by the attorneys, to be reasonable given the facts and circumstances of this case. Again, no one has objected to the amount sought. The Court further finds that PFS's costs for the filing fee of $150 are reasonable. Therefore, PFS's entire claim in the amount of $1,636 will be allowed.

**IT IS, THEREFORE, BY THIS COURT ORDERED** that the Motion of Secured Creditor Premium Financing Specialists, Inc. For Allowance and Payment of Attorney Fees is granted. Premium Financing Specialists, Inc. is entitled to an award of fees and costs in the amount of $1,636, to be paid according to the terms set forth in this Court's Agreed Order of Adequate Protection dated January 19, 2005.

###

---

[8] The Court notes that there have been no objections to the reasonableness of the attorney fees sought by PFS by any party.